Madam Clerk, please call the first case. 315 Grady, Sharkey Transportation v. Glenn Smith Counsel, you may proceed. Good morning. Patrick Grady on behalf of the appellant and workers' comp respondent, Sharkey Transportation. In the absence of evidence, the claimant's syncope and cardiac event arose out of his employment. The commission's award of medical benefits for treatment for those conditions is against the manifest weight of the evidence. The record does not contain evidence that the syncope was caused by his employment as a truck driver, related in any way to his employment as a truck driver, or arose following his accident in which he crashed his truck. The commission held, in its corrected opinion, that the accident was a line of demarcation for the claimant's neck, back, and leg pain, yet made no such finding for the syncope or the cardiac event. It suggests the commission was using the chain of events theory to establish circumstantially a causal connection. In this case, such a connection cannot be established through the chain of events, because a chain of events requires that there be good health prior to the event, that there is an event, and that the event caused the need for the treatment. Here, the syncope and or cardiac event occurred prior to the crash of the truck. Now, how do you respond to this? The commission seemed to find that the compensation can be awarded for idiopathic incidents where the claimant's employment places him at a greater risk for those episodes. What's your response to that? That seemed to be their rationale. I believe that is a proper rationale for what I termed in our brief is the physical injuries. In other words, the injuries that occurred following the accident. I believe that what the commission is doing is they are looking at the timing of the treatment received rather than whether there was some causal connection to the treatment received and the accident, if the court will permit me. If immediately following the accident, the claimant contracted chickenpox and received treatment for the chickenpox, that would not be compensable, absent some very interesting medical theory, that would not be compensable because it's obviously unrelated to the accident. So even though we're using a chain of events and so forth, there still must be some relationship between the injuries that create the need for the treatment and the employment. In this case... In other words, you don't object at all to paying the medical bills for the physical injuries or appropriate TTD for any time he's off work because of that. Your problem is with the medical treatment for the cause of the syncope event. As the case is positioned now, no, I don't. Those issues were not before the commission, so we do not know what other issues may arise in regarding the treatment of the physical injuries and related TTD, so I don't want to blanket give that one away. But as we stand here today, as the case is positioned, no. Our concern is solely with the syncope event and the treatment for the syncope event that occurred prior to the accident. And we believe that because there is no evidence connecting the syncope and or cardiac event to the need for treatment that arises out of the accident, that the commission's decision in terms of the medical benefits is against the manifest way of the evidence and should be reversed. So to put it simply, in other words, using your rationale, he could have had this episode sitting in his house. It had nothing to do with his employment. Is that what you're saying? That is correct. That is correct. Since our state doesn't recognize the positional theory anymore, that is correct. Again, at the end of the day, there must be some connection. Tenuous as it may ultimately be, there must be some connection to the work. And if I may move on into the TTD, we do argue that this is a question of law, that this is not a manifest way because there are no questions of fact here. The employee testified that he was off of work because his physicians took him off to determine what caused the syncope events. Again, the syncope is not related to the accident. He's off of work for reasons unrelated to a disability arising out of his work, and he should not be entitled to workers' compensation. And again, we are talking only about those specific dates where the claimant was taken off of work while they tried to determine the cause of his syncope, which makes sense. We don't have a truck driver out there that is subject to a syncope episode, but that's unrelated to his work. So in other words, the driving restrictions kept him away from work, but it wasn't because of the physical injuries. Is that what you're saying? That is correct. And again, we're not addressing the physical injuries here, so we may be back up here discussing this case with the court again, a dispute arising out of the physical injuries, but that's not what we're talking about here. We're talking simply about that period of time that the employee was off work because he was unable to drive while they determined the cause of his syncope episodes. And for that reason, we ask that the court remand this matter for the commission to make a determination concerning the medical expenses, separating out the medical expenses incurred for the syncope event and any expenses that it awarded that may be related to the accident, reverse the commission's holding that the employer is required to hold the employee harmless against any claims by his group carrier for treatment related to the syncope event and its treatment, and reverse the award of TTD benefits from February 28, 2011 through March 27, 2012. Counsel, just to verify your position on the medical, you're indicating that of the $15,203 medical award, $13,995 was related to the syncope treatment and the diagnosis and treatment. That is correct, but that is my best estimate. My best estimate is not good evidence, which is why I'm suggesting maybe it should be remanded back to the commission to take evidence to make a specific determination. That is my estimation based on reviewing the bills, which are part of the record. Okay? There are no further questions. I will take my leave of the court, and thank you for your time. Thank you, Counsel. You'll have time in reply. Thank you. Counsel, will you respond? Good morning, Justices. May it please the Court, Counsel. This case is not just about a natural chain of events. And what I mean by that is, and I think what Counsel said is somewhat incorrect, this is not a cardiac event. What was determined about what caused the syncopal episode is they don't know. And so what we're really talking about is, and Counsel. Wait a minute. Stop and think about what you just said. If they don't know what caused the syncope episodes, how do you establish it's causally connected to the employment? What I would relate it to is there are many cases involving the Workers' Compensation Act in which, for example, somebody has a fall and they break it down between is it idiopathic, in other words, something originating in the person, or is it unknown? And if it's unknown, those cases are usually compensable. If it's idiopathic, they are not. The very, very old cases are not. Okay. The newer cases suggest that if you don't know the cause of your fall, you don't recover. There are some very, very old cases, you're right, coming out of this panel, that suggested if the cause was unknown, you'd recover. We've not held that in probably the better part of a decade. And I apologize because I read some cases that I thought were recent, but. I could probably even tell you who wrote them. Sure. Go ahead. That's okay. And I guess where I'm going is. I have a more basic question. Sure. Where do you get the idea that the commission ever awarded any benefits at all other than medical or found that the cardiac condition was in any way causally related to his work? They seem to be saying all the time that they were awarding benefits for a neck and a back. But never once did they say they were awarding benefits for a cardiac condition. Well, again, I don't think we can even call it a cardiac condition, because I don't think there's any evidence that the commission had before it that this was a cardiac event. Well, you could say blackouts, right? I mean, we know what you're talking about. Right. Syncope episodes, blackouts, right? Right. And my reasoning would be that that could have happened. First, let me answer your question, Your Honor. I agree the commission did not really do much to specifically say why they were awarding those bills. Well, they did address it because the case was remanded back to the commission specifically for that reason, and the commission, again, awarded those bills. So their decision was to award those bills for the syncopal episode and the TTD regarding the syncopal episode. But is it 100% clear as to what their reasoning was? I would agree. It's hard to determine. Let me ask you this. Depending on whether or not we come down in line with the older cases, authority, or the newer cases, was any evidence presented at all connecting the employment, sitting in a truck, driving around all day, having some bearing on these episodes? Well, first thing we know is that he did not have any prior syncopal episodes in his history. Secondly, we don't have any evidence of any type of substantial condition that would have caused these episodes. So there was some mention by a petitioner in his medical records indicating that he thought it might have occurred because of carbon monoxide getting into his truck. On the other hand, he passed out a couple days later in a McDonald's or something like that, and he didn't have any carbon monoxide there. That is true. And did any doctor render any opinion about carbon monoxide? No, there is no opinion regarding that. Well, how do you square that with your burden of proof? Doesn't the claimant have the burden of proof? The claimant definitely has the burden of proof. And again, whether we're talking about the older cases or the newer ones that have come down... Let's assume it's the newer cases. How do you square your position with the newer cases? If it's the newer cases, then I would say that it probably does have to go towards the natural chain of events. And what I would say with that, as far as the medical is concerned, if somebody has a work accident and they get a workup of, let's say, their entire body, they get CT scans all over their body, they're trying to find out what caused this, maybe they would have found out when they're doing all these tests that it was a carbon monoxide thing or a food poisoning thing that caused this. But the tests to get there, I think, should be awarded. The fact that they don't reflect anything and maybe reflect that it's not because of the work specifically, I don't think takes away from the responsibility of the respondent to have to pay for those tests to determine what the cause was. On what theory? I think there are cases out there, and I'm sorry I don't have them specifically here to cite, but there are cases where if someone's in a car accident and they have a CT scan of, let's say, their brain, there's nothing wrong with their brain, there's nothing wrong with their head. Just because they have a normal CT scan, there's no diagnosis of injury to their head. They're still going to be awarded. Are you talking about doing the CT scan to determine if the brain was injured in the accident? Correct. Well, that's a different thing than we have here, though, isn't it? Again, I think we're still trying to determine. In my hypothetical, Your Honor, I'm saying that they've just determined there's no head injury. They did the CT scan to check the person out, but there was no head injury, so you can't say that anything about the word caused the head injury in the accident. But in our particular case, when they did those tests, they did not know what had happened. They didn't know why he had this syncopal episode. So my argument is that to get to that point, they had to do those tests, and that they still would be the responsibility of the respondent. Now, going along, if we're going along with the newer cases and we're saying it's more of a natural chain of events thing, yes, then our TTD argument is probably out the door. I would concede that. But I do think in a case like this where, since we're conceding that he's a traveling employee, any number of things could have happened. It could have had food poisoning. It could have had a carbon monoxide. And so the question comes down to, would the evidence that the commission had on a 19B hearing in front of it, was it against the manifest weight of the evidence for them to determine that this medical treatment was necessary to at least find out what had happened to the petitioner in them in warning it? And I don't think that it was against the manifest weight of the evidence. Now, of course, if at some later date, because this case is not over, if it was determined that the syncope also was because of a cardiac condition or because of some other idiopathic condition in the petitioner, then, yeah, absolutely, it should be cut off at that point. Because now there's a definitive answer that it's not related to his employment and it's not unknown. It is originating in him. I want to go back to that question I asked you before we get out. I just wanted to scan the commission's decision on remand. What they said was, we found that petitioner met his burden of proving that his neck, back, and leg injuries were sustained during the accident and that he's been under the treatment of Dr. Barnes. He's not reached MMI. Nowhere in this decision did they ever say that these episodes were in any way causally related to his employment. And so it occurs to me that if that's the case, then he's not entitled to recover for medical expenses that are related to a condition that is not causally related. And again, Your Honor, I agree that their order on remand didn't specifically address the syncopal episodes. Perhaps what we need here is for them to explain why they were awarding it, because I believe they were awarding it since the circuit court actually sent the case back to the commission specifically for that purpose, to explain it. So, yes, I think that there does lack a specific discussion as to what their rationale was for awarding those bills. If we found that the commission erred in awarding the syncope-related medical expenses, do you dispute the employer's figure of $13,995 as that portion related to the syncope-related treatment? I think we probably, kind of like what counsel said, would best perhaps put that evidence towards the commission to try to get them to determine exactly what amount should be awarded and what should not be awarded. I would agree with that. And so, for the reasons I stated, Your Honors, I ask that the decision of the commission and the circuit court's affirmation of the commission's decision be affirmed regarding the medical bills and TTD benefits awarded for the syncopal episode. Thank you. Thank you, counsel. Counsel, you may reply. I have nothing further, Your Honor, to add to your decision. Thank you, counsel, both for your arguments in this matter this morning. It will be taken under advisement and written disposition shall issue.